IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WAYNE REDDING, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:12-CV-0174-CAR-CHW |
| STATE OF GEORGIA, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. ▪1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **WAYNE REDDING**, an inmate currently confined at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay the filing fee. The Court thus **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 6) and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, Plaintiff is still obligated to eventually pay the full filing fee, as is directed later in this Order & Recommendation. The Clerk of Court shall accordingly send a copy of this Order to the business manager of the prison in which Plaintiff is currently incarcerated.

The Court has now also reviewed Plaintiff's Complaint as required by 29 U.S.C. §1915A(a) and **RECOMMENDS** that Plaintiff's claims against Defendant "Nurse Johnson" be **DISMISSED** from this action for lack of any allegations against her. See 28 U.S.C. §1915A(b)(1). All other claims will be allowed to proceed beyond the frivolity review stage.

**STANDARD OF REVIEW**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the Complaint as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id.  In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id.  "[T]hreadbare recitals of the elements of a cause of action,

2

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## STATEMENT AND ANALYSIS OF CLAIMS

According to Plaintiff's Complaint (ECF No. 5) and the multiple supplements thereto (ECF No. 7, 9, &10),[1] Plaintiff is a "disabled" person, who suffers from a seizure disorder and requires the use of a wheelchair. He also claims to require assistance for mental health issues. However, prisons officials (specifically including Unit Manager Smith and Warden Obre) have apparently required him to sleep in a top bunk in violation of his bottom bunk profile, have taken away his wheelchair, and have failed to provide him with necessary medical and mental health treatment. Plaintiff alleges that he in fact suffered a seizure at some point, fell from the top bunk, and suffered a serious injury. Plaintiff similarly claims that he has endured numerous falls and injuries and has been denied food and other basic necessities as a result of being denied access to wheelchair. In as supplement, Plaintiff complains that Defendants' "failure to accommodate" his disability have also caused "a loss of vision, a loss of hearing, infections in the mouth-ears-body

---

[1] Though Plaintiff labels these submissions as various types of "motions," the Court instead construes each to be supplemental allegations against Defendants. The Clerk is thus instructed to administratively terminate these "motions" (ECF No. 7, 9, &10). Plaintiff's "Motion to Produce" (ECF No. 8) will not be considered a supplement, but it is a premature request for discovery and shall be **DISMISSED** as such. Discovery will proceed as later directed in this Order & Recommendation.

3

areas, elevated blood pressure, seizures," "major depressive episodes, personality disorder, low self-esteem, feelings of inferiority, emotional and psychological harm, a loss of self-direction, loss of self-care, no work tolerance, no physical strength, and . . . post traumatic stress disorder." (Supp., "Motion for Relief of Imminent Danger" [ECF No. 9] at 1).

Plaintiff's allegations, when read in a light most favorable to the Plaintiff, may support a claim for relief against Defendants "the State of Georgia," "the Department of Corrections," "Warden Ouber," and "Unit Manager Smith" under 42 U.S.C. §1983 and/or the Americans with Disabilities Act, 42 U.S.C. ▪ 12101.  It is thus **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

However, Plaintiff has failed to state a claim against Defendant Nurse Johnson. Though Plaintiff names Nurse Johnson as a defendant in the caption of his Complaint, he fails to make any allegations against her in either his Complaint or any supplement thereto.  The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").   It is thus **RECOMMENDED** that Defendant Nurse Johnson be **DISMISSED** from this action.   Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file

4

written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  **Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings**.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was

accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.  Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR

6

PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It is further **ORDERED** and **DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 4th day of June, 2012.

s/ Charles H. Weigle\
Charles H. Weigle\
United States Magistrate Judge