IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WAYNE REDDING<br>a.k.a. WAYNE REDDICK,[1]<br><br>          Plaintiff<br><br>          VS.<br><br>THE STATE OF GEORGIA, et. al.,<br><br>          Defendants | :<br>:<br>:<br>:<br>:   NO. 5:12-CV-0174-CAR-CHW<br>:<br>:<br>:<br>:<br>: |

## **ORDER & RECOMMENDATION ON MOTION TO DISMISS**

    Currently before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement [ECF No. 31]. Through this Motion, Defendants seek dismissal of Plaintiff's Complaint under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). In the event that Plaintiff's claims are allowed to proceed, Defendants seek clarification of his claims in light of the many supplemental pleadings and motions he has filed.

    Defendants are correct that, because Plaintiff is attempting to proceed *in forma pauperis* in a civil action in federal court, he must comply with the mandates of the PLRA, which specifically prohibit a prisoner from bringing a civil action in federal court *in forma pauperis*

---

[1] The Clerk is instructed to amend the Docket so as to also show Plaintiff's known alias, "Wayne Reddick."

1

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This code section, known as the PLRA's "three strikes" provision, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). Thus, dismissal of a prisoner complaint under this section is constitutional. Id.

An initial review of court records on the U.S. District Web PACER Docket Report revealed that Plaintiff "Wayne Redding" does not have any strikes for the purposes of § 1915(g). The present case was thus allowed to go forward. The undersigned, however, has since been informed that a search of court records using Plaintiff's known alias, "Wayne Reddick," reveals many more dismissals: Reddick v. Smith, 1:08-cv-00604-JTC (N.D. Ga. June 25, 2008) (dismissed for lack of exhaustion); Reddick v. Wimberly, 6:05-cv-002-BAE-JEG (S.D. Ga. Nov. 30, 2006) (dismissed for lack of exhaustion); Reddick v. Hutcheson, No. 10-12171-E (11th Cir. Oct. 28, 2010) (appeal dismissed as frivolous). See also, Reddick v. The State, 1:08-cv-00447-JTC (N.D. Ga.) (March 19, 2008) (dismissed for lack of jurisdiction); Reddick v. Wimberly, No. 06-16599-I (11th Cir. Sept. 17, 2007) (appeal dismissed for lack of jurisdiction).

In evaluating whether Plaintiff has three strikes, the Court may properly take judicial notice of pleadings and orders in previous cases when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Horne v. Potter, 392 Fed.

Appx. 800, 802 (11th Cir. 2010); Fed.R.Evid. 201(b); see also U.S. v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). The pleadings and orders in Plaintiff's previous cases are public court records that are not subject to dispute, and the Court may take judicial notice of the orders resulting in the dismissal of Plaintiff's prior lawsuits filed under the name of "Wayne Reddick."

In light of these dismissals, Plaintiff has in fact exceeded the three strikes allowed by § 1915(g). Accordingly, Plaintiff may not proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

In this case, Plaintiff specifically alleges that he in "imminent danger of death." According to his Complaint, Plaintiff is a "disabled" person, who suffers from a seizure disorder and requires the use of a wheelchair. He claims, in part, that prisons officials have required him to sleep in a top bunk in violation of his bottom bunk profile, have taken away his wheelchair, and have failed to provide him with necessary medical and mental health treatment. As a result, Plaintiff has allegedly suffered seizures and physical injuries and has been denied food and other basic necessities. In a supplement, Plaintiff complains that Defendants' "failure to accommodate" his disability have also caused "a loss of vision, a loss of hearing, infections in the mouth-ears-body areas, elevated blood pressure, [and] seizures . . . ." (Supp., "Motion for Relief of Imminent Danger" [ECF No. 9] at 1). In response to the present Motion, Plaintiff similarly alleges that he is being denied medication necessary to treat his hypertension and seizure disorder and that this has caused damage to his heart and kidneys and may potentially cause brain damage and/or death. (Notice of Imminent Danger [ECF No. 38] at 1-2).

Based on these allegations, Plaintiff has sufficiently alleged the existence of an "imminent danger of serious physical injury" in his Complaint so as to be excepted from the three strike rule. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004). It is accordingly **RECOMMENDED** that the Motion to Dismiss be **DENIED**.

Defendant's Motion for a More Definite Statement is, however, **GRANTED**. In addition to his somewhat vague Complaint, Plaintiff has filed and continues to file rambling motions and supplements in this action. He seems to continuously add parties and claims and to request additional relief. In light of this, Plaintiff is hereby **ORDERED** to entirely recast his Complaint. **The recast complaint shall be in place of and will be substituted for the original Complaint and all attachments, supplements, and other documents that have been filed**.[2] When drafting his new complaint, Plaintiff must use a standard §1983 complaint form along **with no more than ten (10) additional pages**. To this end, the Clerk of Court is **DIRECTED** to mail Plaintiff a new 42 U.S.C. § 1983 complaint form showing this case number.

Plaintiff's recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then list each defendant again in the body of his complaint and tell the Court how that individual violated his constitutional rights. Each claim

---

2 Therefore, Plaintiff's pending Motion for Redress of Grievance [ECF No. 15], Motion for Protective Order [ECF No.16], Motion for Preliminary Injunction [ECF No. 20], Motion for Protective Order [ECF No. 22]; Motion for Preliminary Injunction [ECF No.24]; Supplemental Motion of Unlawful Conduct, Motion for Money Damages, and Supplemental Motion for Relief [ECF No. 35]; and Motion to Add Defendants [ECF No. 36] shall, in light of this order, be **terminated**. Plaintiff may restate and consolidate these and any other claims in his recast complaint. To the extent Plaintiff has moved for emergency injunctive relief in these filings, the undersigned finds that Plaintiff's allegations fail to demonstrate that such extraordinary relief is currently warranted. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff's repetitive Motion to Proceed *in forma pauperis* [ECF No. 17] is also deemed **MOOT**, as leave to proceed *in forma pauperis* has been granted.

must be clearly identified. As to each claim, Plaintiff must make sufficiently specific allegations so as to give Defendants notice of the basis thereof. Plaintiff should thus be as specific as possible when explaining how and when Defendants violated his rights and what relief he seeks. Without such factual allegations, Defendants will be unfairly forced to speculate as to what is alleged against each Defendant and what the defenses should be. At the very least, Plaintiff should provide a more definite statement of the specific contentions against each Defendant and the factual support for each contention. If Plaintiff does not link a defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations against a named defendant, that defendant will be dismissed.

When drafting his recast Complaint, Plaintiff should also keep in mind that fictitious party pleading is not permitted in federal court. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). As to each defendant, Plaintiff must "provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served." Dean, 951 F.2d at 1216 (quoting Keno v. Doe, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977)).

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to submit a new complaint. Plaintiff's failure to comply with this Order may result in the immediate dismissal of this action. In the event Plaintiff wishes, at some point in the future, to amend his recast complaint, he must comply with the Federal Rules of Civil Procedure. Motions and supplements containing additional or repetitive claims or allegations **will not be considered** unless leave to amend has been granted. See Fed. R. Civ. P. 15.

Plaintiff is further reminded of his responsibility under Rule 11 to refrain from filing frivolous, procedurally improper, or repetitive motions in this Court. See Fed. R. Civ. P. 11(b).[3] Violation of this Rule may potentially result in sanctions against the offending party. Plaintiff has in fact already violated Rule 11 by failing to honestly disclose his litigation history. Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); see also, e.g., Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (holding that dismissal as sanction for providing false information on complaint form concerning prior filing history was not an abuse of discretion); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Secretary Fla. for Dept. of Corr., 380 F. App'x 939, (11th Cir. 2010) (same); Copeland v. Morales, 2011 WL 7097642, * 4 (S.D. Ga. Dec. 19, 2011) (dismissing action for providing dishonest information about his prior filing history). Plaintiff is thus warned that any future violations of this nature **will** result in a dismissal of his claims.

---

3 Federal Rule of Civil Procedure 11(b) provides:
> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

It is additionally **ORDERED** that this case be **STAYED** until further notice. Once Plaintiff has recast his Complaint, the Court will conduct another preliminary review as required by 28 U.S.C. § 1915A.

**SO ORDERED and RECOMMENDED**, this 6th day of September, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge