IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WAYNE REDDING a.k.a. WAYNE REDDICK, | : : : |
| Plaintiff | : : |
| VS. | : NO. 5:12-CV-0174-CAR-CHW : : |
| THE STATE OF GEORGIA, et. al., | : : |
| Defendants | : : |

## ORDER & RECOMMENDATION

Plaintiff **WAYNE REDDING**, an inmate presently confined at Baldwin State Prison in Hardwick Georgia, filed this action asserting claims under both 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. As previously directed, Plaintiff recast his Complaint (ECF No. 43) so as to provide a more definite statement of his claims. (See Order & Recommendation, Sept. 7, 2012 [ECF No. 41]). After having now conducted a preliminary review of the Recast Complaint pursuant to 28 U.S.C. § 1915A(a), the undersigned will allow Plaintiff's Eighth Amendment, First Amendment, and ADA claims to go forward. It is **RECOMMENDED**, however, that Plaintiff's Fourteenth Amendment due process and equal protection claims be **DISMISSED** for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir.

1

2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).   Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

2

law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## STATEMENT AND ANALYSIS OF CLAIMS

According to his Recast Complaint, Plaintiff is a "disabled" person, who requires the use of a wheelchair. He claims that prisons officials have nevertheless required him to sleep in a top bunk in violation of his proscribed "bottom bunk profile," have taken away his wheelchair, and have failed to provide him with necessary medical and mental health treatment. As a result, Plaintiff has allegedly suffered seizures and physical injuries. He has also allegedly been denied food and other basic necessities due to his almost total immobility. Plaintiff further claims that he has been subjected to physical abuse and sanctions in retaliation for his filing the present lawsuit.

I.     Conditions of Confinement & ADA Claims

Plaintiff's first and primary category of claims arises out the conditions of his confinement at Baldwin State Prison. Plaintiff generally alleges that Defendants Smith and Oubre have denied him access to his wheelchair. Plaintiff, a self-identified "partial paraplegic," explains that, without his wheelchair, his mobility is greatly restricted (the alleged equivalent of being placed "in total restraints") and that he has thus been unable to access personal hygiene items (including showers), adequate food, clean clothing, or his medication. Plaintiff also alleges that, on more than one occasion, he fell while trying to move from the bed to the toilet without his wheelchair and has suffered multiple injuries as a result. Plaintiff further claims that Defendants Smith and Oubre have both refused to honor his proscribed bottom bunk profile and that this has also resulted in his falling and incurring injuries.

The Recast Complaint suggests that this conduct has violated both Plaintiff's Eighth Amendment rights and the ADA.

    A.  Eighth Amendment Claims

The Eighth Amendment of the United States constitution does require prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.2004) (quotations omitted). The Constitution does not mandate comfortable prisons. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). All that is required is that they be humane. Farmer v. Brennan, 511 U.S. 825 (1994). Thus, to state an Eighth Amendment claim regarding the conditions of confinement, a plaintiff must allege that (1) conditions that are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." Brown v. Pastrana, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at 6-7 (S. D. Fla Sept. 4, 2008) (quoting Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)).

When accepted as true and read in a light most favorable to the Plaintiff, the allegations in the Recast Complaint may satisfy these requirements and support an Eighth Amendment claim against Defendants Smith and Oubre. See e.g., Goodman v. Donald, No. CV699-012, 2007 WL 2164535 at *7 (S.D. Ga. July 24, 2007) (allowing claims by wheelchair-bound inmate to go forward); Outlaw v. Jordon, 5:11–CV–325–CAR–MSH, 2011 WL 5419461, at *4 (M.D. Ga. Sept. 8, 2011) (allowing claim where wheelchair bound inmate was unable to access shower). These Eighth Amendment claims will thus be allowed to go forward.

4

B. ADA Claims

It is also well settled that the ADA extends to disability discrimination against state prison inmates. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 212, 213, 118 S.Ct. 1952, 1956, 141 L.Ed.2d 215 (1998). Of course, "only public entities are liable for violations of Title II of the ADA." Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010) (citing Yeskey, 524 U.S. at 210); 42 U.S.C. § 12131. Here, Plaintiff does not name any specific "public entity" as Defendant or specify whether his claims are against the named Defendants in their "official" or "individual" capacities. However, in light of the liberal construction that must be given to *pro se* pleadings, the undersigned will assume Plaintiff intended to bring claims against Defendants in both capacities. To the extent that Plaintiff has named Defendants Smith and Warden Oubre as Defendants "in their official capacities," his claims are, in essence, against a "public entity," the Georgia Department of Corrections. See id. at n. 1.

To state a claim under Title II of the ADA, a plaintiff must allege that (1) he is a "qualified individual with a disability," (2) he was "excluded from participation in or ... denied the benefit of the services, programs, or activities of a public entity," or otherwise "discriminated [against] by such entity," (3) "by reason of such disability." 42 U.S.C. § 12132. In this case, Plaintiff has alleged that he is disabled; that Defendants are aware that Plaintiff is being denied the benefits of prison facilities, a safe environment in which to live, and adequate food, medication, and hygiene; and that Defendants failed to act within the scope of their official capacities to remedy the situation. At this early stage of litigation, these allegations are sufficient to allow Plaintiff's ADA claims to go forward. See e.g., Emmett v. Walker, 2008 WL 2755848 at *5 (S.D. Ga. July 15, 2008) (allowing ADA claim based upon wheelchair accessibility at prison to go forward).

II.     Inadequate Medical Care Claims

Plaintiff also appears to attempt an Eighth Amendment "denial of medical care" claim against Defendants Smith, Oubre, and Nurse Jordan.  His Recast Complaint alleges that, by taking his wheelchair, refusing to honor his proscribed bottom bunk profile, and failing to provide needed medication, these Defendants have deliberately and intentionally denied him treatment for his seizure disorder, hypertension, and "other disorders," and that, as a result of this denial, he has suffered seizures, high blood pressure, loss of vision, loss of hearing, various infections, heart problems, atherosclerosis, kidney disease, brain damage, mental illness, as well as many other conditions and injuries.

To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).   The complaint must demonstrate (1) that the inmate has an objectively serious medical need which poses a substantial risk of serious harm if left unattended; and (2) that a defendant was "deliberately indifferent" to that need.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).   A prison official is deliberately indifferent to an inmate's needs if he had subjective knowledge of a risk of serious harm to the inmate and disregarded that risk.  Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).

For the purpose of this preliminary review, it is assumed that Plaintiff's medical conditions are "serious medical needs."  To this extent, Plaintiff's allegations may support a deliberate indifference claim against Defendants (See Taylor, 221 F.3d at 1257), and these claims may go forward for further factual development.

### III.     Excessive Force & Retaliation Claims

Plaintiff's next category of claims is based upon allegations of excessive force and retaliation by Defendants Smith, Duncan, Presley, Harris, and Wilcox.  In his Recast Complaint, Plaintiff asserts that, on September 6, 2012, Defendants Smith and Duncan slapped and punched him in the face, abdomen, and chest while he was restrained in handcuffs and that these Defendants then warned Plaintiff to "drop the lawsuit" because his "old ass can't [take] these ass whippings every day."  (Recast Compl. at 8).  Plaintiff further alleges that, on an earlier occasion, Defendants Presley, Harris, and Wilcox "slammed Plaintiff into the floor, stood on [his] back, neck, [and] legs," and kicked him while he was restrained in handcuffs.

Though it is unlikely, given the time frame, that Plaintiff has fully exhausted his administrative remedies with respect to each of these claims, the Court finds that these allegations are sufficient to support both a First Amendment claim against Defendants Smith and Duncan, see Johnson v. Bowers, 2006 WL 3069703 at *2 (S.D. Ill. Oct. 26, 2006) ("Specifying the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.") (citing Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002)) and an Eighth Amendment excessive force claim against Defendants Smith, Duncan, Presley, Harris, and Wilcox, see Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (inmate can establish a constitutional claim based on excessive force even in absence of serious or significant injury).  These claims will accordingly be allowed to go forward for further development.

### IV.     Fourteenth Amendment Due Process & Equal Protection Claims

Finally, Plaintiff makes many conclusory allegations that Defendants' conduct has violated his Fourteenth Amendment rights to due process and equal protection.

Though the exact nature of Plaintiff's claims are unclear, he appears to support his due process claim with the allegation that, on multiple occasions, Defendant Warden Smith deprived him of his property – including pictures, cards, letters, legal cases, legal forms, mattress, pillow, blankets, and "witness statements." The Complaint, however, makes no allegations suggesting that the taking was intentional or malicious or that the State failed to provide him with a post-deprivation remedy. The Due Process Clause is, of course, "not implicated by a negligent act of [a state] official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Due process is also not offended, even if a prison official *intentionally* deprives an inmate of property, so long as the State makes available a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Plaintiff's allegations are thus not sufficient to state a due process claim.

Plaintiff likewise fails to sufficiently support a Fourteenth Amendment equal protection claim. "To plead an equal protection claim, a plaintiff must allege that 'through state action, similarly situated persons have been treated disparately.'" Bumpus v. Watts, 448 F. App'x. 3, 5 (11th Cir. 2011) (quoting Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't, 223 F.3d 1231, 1237 (11th Cir.2000), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). A disparate treatment claim also requires a showing of invidious discrimination. See Damiano v. Florida Parole and Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986). Plaintiff's Recast Complaint does not make the requisite showing of invidious discrimination or describe how similarly situated inmates were treated differently.

For these reasons, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment claims be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

After conducting a preliminary review of Plaintiff's Recast Complaint, as required by 28 U.S.C. § 1915A(a), the undersigned finds that Plaintiff's allegations may support claims for relief under both section 1983 and the ADA.  With respect to those claims, it is hereby **ORDERED** that Defendants be served with the Recast Complaint and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.[1]  Defendants are also **DIRECTED** to respond to that portion of Plaintiff's pending "Motion for Preliminary Injunction" (ECF No. 42) in which he requests that he be allowed immediate access to his wheelchair and proscribed medications.

It is **RECOMMENDED**, however, that Plaintiff's Fourteenth Amendment due process and equal protections claims be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.  See 28 U.S.C. § 636(b)(1).

Because Plaintiff is already proceeding *in forma pauperis*, his pending "Motion for Leave to Proceed *in forma pauperis*" (ECF No. 44) shall be **DISMISSED** as **MOOT**.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  **Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings**.

---

[1] Defendants are reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Federal Rule of Civil Procedure Rule 4(d).

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an

answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 9th day of October, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge