IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WAYNE REDDING, a.k.a WAYNE REDDICK, : : : | |
| Plaintiff, : | |
| : | No: 5:12-CV-174-CAR-CHW |
| VS. : | |
| : | |
| STATE OF GEORGIA, *et al.*, : | |
| : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Plaintiff Wayne Redding, a/k/a Wayne Reddick, an inmate presently confined at Baldwin State Prison, originally filed the above-styled case asserting claims under both 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Before the Court are three separate motions for preliminary injunction filed by Plaintiff (Docs. 42, 59, 66) and two supplemental motions for relief filed by Plaintiff (Docs. 67, 71), which the Court construes as supplements to his motions seeking a preliminary injunction. Because Plaintiff fails to satisfy the prerequisites for the issuance of a preliminary injunction, it is **RECOMMENDED** that each of these five motions (Docs. 42, 59, 66, 67, and 71) be **DENIED**.[1]

Plaintiff is not entitled to a preliminary injunction unless he establishes the following four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic

---

[1] Apart from the five motions regarding preliminary injunctive relief discussed herein, Plaintiff has filed more than twenty-five separate motions, notices, or other pleadings since May 2012.

remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted). Plaintiff's failure to demonstrate a "substantial likelihood of success on the merits" may defeat his claim, regardless of his ability to establish the other prerequisites. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994). Similarly, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

After carefully reviewing and liberally construing the five motions filed by Plaintiff, it appears that Plaintiff has adopted a patchwork approach in his efforts to obtain preliminary injunctive relief. For example, in his first motion for preliminary injunction, Plaintiff requested an injunction as one of several other motions for relief, stating that "Plaintiff motions and moves this Honorable Court for relief in the form of an injunction necessary to correct a current and ongoing violation of Plaintiff['s] constitutional rights under the 8th and 14th Amendments and the present unwillingness on [the] part of officials to comply with medical care for Plaintiff['s] condition of immobility and other conditions does amount to inadequate medical care." Doc. 42 at 1. Plaintiff also averred that that he had been "actually denied constitutional rights to medical treatment, disability related needs (wheelchair), bottom bunk, personal hygiene, cell sanitation, food, [and] medications." Id. at 3. Plaintiff wholly failed to discuss the four prerequisites for obtaining a preliminary injunction in his first motion for preliminary injunction. Id. Nevertheless, the Court liberally construed his first motion as Plaintiff requesting a preliminary injunction to be allowed immediate access to his wheelchair and unspecified medications and directed Defendants to respond to that aspect of Plaintiff's allegations. Doc. 47 at 9.

In his second and third motions for preliminary injunction, Plaintiff conclusorily asserted that the four prerequisites for obtaining a preliminary injunction were met without explaining why he satisfied each prerequisite. Docs. 59, 66. In his third motion for preliminary injunction, Plaintiff expanded his list of requested injunctive relief to include:

A. "An order commanding that Defendants in their official capacities provide Plaintiff with the benefits of medical treatment needed for injuries, pain and suffering caused by public entities['] deprivations of bottom bunk, wheelchair, medications, food, hygiene, [and] sanitation."

B. "An order commanding that Defendants not inflict traumas [or] hardships on Plaintiff, by use of excessive force maliciously and sadistically to cause harm without penological justification."

C. "An order commanding the Defendants to end improper retaliation because [of] Plaintiff['s] filing of grievance[s] and the instant suit."

D. "An order commanding the Defendants to release Plaintiff from lock down segregation as a means of punishment."

E. "An order commanding that Plaintiff's sick call request be addressed [and] treatment for need[,] illness, and injuries due to Defendants['] deliberate indifference to medication, wheelchair, bottom bunk, food, hygiene, [and] sanitation caused damages to eyes, ears, back, legs, atherosclerosis, kidney, heart, brain, mental illness, and multiple infections."

F. "An order commanding the Plaintiff be evaluated for Vietnam Era Veterans Readjustment Assistance Act of 1974 – Title II ADA – Mental Health."

[Doc. 66 at 1.]

In his first "supplemental motion for relief," Plaintiff once again did not address the four prerequisites, but did request immediate relief in order to prevent imminent harm or death. Doc. 67. Plaintiff also failed to identify or address the four prerequisites in his second "supplemental motion." Doc. 71. Instead, Plaintiff emphasized his request for money damages and augmented many of the claims set forth in prior pleadings, including his claims about ongoing discrimination and about Defendants allegedly providing false information. Id.

3

Plaintiff has not shown a "substantial likelihood of success on the merits" at this time. McDonald's Corp., 147 F.3d at 1306. Plaintiff summarily asserts that he prevailed in establishing the claims set forth in his recast complaint because those claims survived the frivolity review required by 28 U.S.C. § 1915A. Meeting the minimal requirements necessary to survive frivolity review, however, does not demonstrate a substantial likelihood of success. Plaintiff has not yet presented sufficient proof or objective evidence that the specific actions about which he complains violated his rights under either section 1983 or the ADA. Accordingly, Plaintiff has not "clearly established the burden of persuasion" regarding whether there is a substantial likelihood that Plaintiff will succeed on the merits in this case. McDonald's Corp., 147 F.3d at 1306.

Plaintiff also has not shown that "irreparable injury will be suffered unless the injunction issues." Id. Although Plaintiff repeatedly alleges that he is in imminent danger of irreparable harm or even death, Plaintiff's conclusory allegations are remote and speculative, rather than actual and imminent. See Siegel, 234 F.3d at 1176-1177 (internal citations and quotations omitted) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."). Plaintiff's vague and unsubstantiated allegations about possible future harms fail to satisfy the second prerequisite for obtaining a preliminary injunction in this Circuit. See Church, 30 F.3d at 1337 ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."); see also National Airlines, Inc. v. Airline Pilots Ass'n Intern., 431 F.Supp. 53, 55 (D.C. Fla. 1976). ("Speculative injury is not sufficient; there must be more than unfounded fear on the part of the applicant."). Consequently, Plaintiff has not "clearly established the burden of persuasion" regarding whether he will suffer irreparable injury in the absence of a preliminary injunction. McDonald's Corp., 147 F.3d at 1306.

4

Finally, insofar as Plaintiff urges the Court to grant him expansive injunctive relief that would amount to a broad instruction to Defendants to obey the law, Plaintiff's requested relief runs afoul of Rule 65(d) of the Federal Rules of Civil Procedure. Under Rule 65(d), "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Requests for injunctive relief must be specific; merely ordering the defendants to obey the law in a preliminary injunction is too broad and too vague to be enforceable. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Therefore, to the extent that Plaintiff's requested relief essentially amounts to a broad instruction that Defendants shall obey the law, Plaintiff's request for a preliminary injunction is unenforceable because it does not conform to the specificity requirement of Rule 65(d) of the Federal Rules of Civil Procedure.

For these reasons and in light of the deference that the federal courts must afford state prison officials in their day-to-day administration of prisons, see generally Preiser v. Rodriquez, 411 U.S. 475, 491–92, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), it is hereby **RECOMMENDED** that Plaintiff's three motions for preliminary injunction (Docs. 42, 59, 66) and Plaintiff's two supplemental motions for relief (Doc. 67, 71) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of December, 2012.

                                            s/ Charles H. Weigle_____
                                            Charles H. Weigle
                                            United States Magistrate Judge