IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WAYNE REDDING, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:12-CV-174 (CAR) |
| THE STATE OF GEORGIA, et al., | : | |
| Defendants. | : | |

## ORDER ON THE RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 133] to grant Defendants' Motion to Dismiss the Recast Complaint [Doc. 72] due to Plaintiff Wayne Redding's failure to exhaust administrative remedies for all but one of his claims and his failure to state a claim upon which relief may be granted with respect to his properly exhausted claim. The Magistrate Judge also recommends that Plaintiff's twenty-nine pending Motions be denied as moot. Since the Recommendation was filed on May 24, 2013, Plaintiff has filed five separate motions, only one of which, when liberally construed, resembles an Objection [Docs. 137].[1] The Court thus construes Plaintiff's Motion to Show Cause [Doc. 137] as an Objection.

---

[1] Plaintiff's other four motions are: (1) Motion for Assistance of Counsel [Doc. 134]; (2) "Motion of Showing Antisocial Behaviors" [Doc. 135]; Motion to Show Cause [Doc. 136]; and Motion to Show Cause [Doc. 138]. Having reviewed these Motions, the Court finds that none of these filings could be liberally construed as an Objection.

1

Having considered Plaintiff's Objection and upon review of the Recommendation and consideration of the matter, the Court agrees with the findings and conclusions of the United States Magistrate Judge.

In the relevant portions of his Objection,[2] Plaintiff simply restates conclusory allegations about the adequacy of the grievance procedure.  As fully explained by the Magistrate Judge, Plaintiff's allegations are vague and unsubstantiated and cannot excuse Plaintiff's failure to exhaust his administrative remedies.[3]  The Court cannot accept Plaintiff's conclusory allegations in lieu of specific factual allegations as to why and how the grievance procedure was unavailable to Plaintiff.[4]  Accordingly, the Court finds Plaintiff's Objection to be meritless.

Based on the foregoing, the Court agrees with the findings and conclusions of the United States Magistrate Judge, and the Recommendation [Doc. 133] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Defendants' Motion to Dismiss [Doc. 72] is **GRANTED** and Plaintiff's pending Motions, including those filed after the Recommendation, [Docs. 77, 82, 83, 88, 89, 90, 91, 92, 93, 94, 96, 97, 105, 107, 109, 111, 112, 113, 115, 119, 121, 122, 123, 125, 126, 129, 130, 131, 132, 134, 135, 136, 137,

---

[2] In his Motion, Plaintiff also reargues the merits of his claims.  However, as Plaintiff only addressed those claims that the Magistrate Judge determined to not be properly exhausted, it is unnecessary to address these other arguments.

[3] *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1322 (11th Cir. 2007) (holding that an administrative remedy is not available if it is unknown and unknowable to the inmate).

[4] The Court notes that Plaintiff's allegations are contrary to the twenty-two grievances Plaintiff filed from May 14, 2010, until May 14, 2010, two of which he completed the grievance procedure.  *See* [Doc. 72-2].

& 138] are **DENIED as MOOT**.  The instant action is hereby **DISMISSED** in its entirety.

**SO ORDERED,** this  14th day of June, 2013.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH